Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3026 | **DATE** | 8/30/2001 |
| **CASE TITLE** | MICHAEL MARTIN vs. J. MONTGOMERY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the motions to dismiss of defendants O'Brien and Smith are granted. The claim asserted against defendant Smith in Count V of plaintiff's first amended complatin is dismissed with prejudice. The claim asserted against defendant Smith in Count IV and the claim asserted against defendant O'Brien in Count II are dismissed without prejudice. Plaintiff may amend Counts II and IV within fourteen days of the date of this Memorandum Opinion and Order, if he can do so and remain in compliance with Rule 11. If plaintiff fails to amend those claims in that time period, they will be dismissed with prejudice. Status hearing for remaining parties set for 9/13/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 04 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 34 |
| | Copy to judge/magistrate judge. | FD-7 LFD FOR DOCKETING 01 AUG 31 AM 8:16 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL MARTIN,  )
              )
    Plaintiff,  )
              )
v.            )  No. 00 C 3026
              )  Paul E. Plunkett, Senior Judge
J. MONTGOMERY, et al.,  )
              )
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

Michael Martin has sued defendants for violating his Eighth Amendment rights while he was incarcerated at the Stateville Correctional Center. Defendants Dr. John F. O'Brien and Dr. Joseph K. Smith have each filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims asserted against them. For the reasons set forth below, both motions are granted.

### Facts

Plaintiff is incarcerated at the Stateville Correctional Center, which is run by the Illinois Department of Corrections ("IDOC"). (First Am. Compl. ¶ 3.) Defendant O'Brien is a dentist employed by IDOC and defendant Smith is a doctor employed by IDOC. (Id. ¶¶ 4, 8.)



DOCKETED
SEP - 4 2001

### Dental Care

Prior to January 14, 2000, plaintiff made numerous requests for treatment for a painful upper right tooth. (Id. ¶ 18.) Though he saw an IDOC dentist, not defendant O'Brien, on January 14, 2000 and had a lower right tooth filled, he was given no treatment for the upper right tooth. (Id. ¶ 19.)

On March 8, 2000, plaintiff sent a letter to the Health Care Unit requesting an examination of the upper right tooth. On March 17 and 18, 2000, plaintiff filed grievances concerning his lack of treatment for that tooth. (Id. ¶¶ 20-23.)

On March 30, 2000, plaintiff saw an unidentified IDOC dentist and was given a filling in his upper right tooth. (Id. ¶ 24.) Apparently, plaintiff's pain did not abate, as he filed another grievance that day seeking dental care for his upper right tooth. (Id. ¶ 25.)

On April 24, 2000, after reviewing plaintiff's dental records, defendant O'Brien wrote a memorandum[1] in which he concurred with the treatment plaintiff had been given on March 30, 2000 and instructed plaintiff to schedule a follow-up exam if he wanted one. (Id. ¶¶ 26-27.)

### Eye Care

On January 27, 2000, two years after a correctional officer broke plaintiff's glasses, plaintiff saw an eye doctor and new glasses were ordered for him. (Id. ¶¶ 35-37.) On April 17, 2000, plaintiff received the glasses, but the prescription was wrong. (Id. ¶ 41.) Three days later, plaintiff sent a letter to defendant Smith, advising him of the mistake. (Id. ¶ 42.) On May 13, 2000, plaintiff again wrote to Dr. Smith asking that the eyeglass prescription be corrected. (Id. ¶ 43.)

---

[1] The complaint does not say what prompted O'Brien to write the memorandum.

On June 8, 2000, plaintiff saw another doctor who determined that plaintiff had indeed been given the wrong prescription. (Id. ¶ 44.) On June 27, 2000, plaintiff received a new pair of glasses with the proper prescription. (Id. ¶ 45.)

**Medical Care**

On March 29, 2000 at approximately 1:00 p.m., plaintiff injured his hand while lifting weights. (Id. ¶ 53.) Plaintiff told defendant Smith about the injury, who told plaintiff a medical technician would be sent to see him. (Id. ¶ 54.) Sometime later that day or the next, two medical technicians went to see plaintiff, but told him they did not have time to examine his injury. (Id. ¶¶ 55-58.) On April 3, 2000, after repeated requests and grievances, plaintiff was examined by a doctor other than defendant Smith, who diagnosed plaintiff's injury as a broken bone. (Id. ¶¶ 59-71.)

**The Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**Discussion**

To state Eighth Amendment claims against O'Brien and Smith, plaintiff must allege that he had a serious medical need and that the defendants were deliberately indifferent to it. Wynn v.

Southward, 251 F.3d 588, 593 (7th Cir. 2001). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted). The indications of a serious medical need are: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Guttierez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation marks and citation omitted). "'Deliberate indifference [is] more than mere negligence.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). Rather, plaintiff must allege that defendants were "subjectively aware of [his] serious medical needs and disregarded an excessive risk that a lack of treatment posed to [his] health or safety." Id.

With respect to his dental care claim, plaintiff has neither alleged that he had a serious medical need nor that defendant O'Brien was deliberately indifferent to it. Though plaintiff alleges that his upper right tooth caused him chronic pain (First Am. Compl. ¶¶ 18, 20), he does not allege the impact, if any, that pain had on his ability to function. Plaintiff does not say, for example, that the tooth pain rendered him unable to eat or sleep or that it otherwise substantially interfered with his daily activities. Absent such allegations, plaintiff cannot fulfill the serious medical need element of this claim.

Even if plaintiff had alleged that his tooth pain constituted a serious medical need, this claim would still fail because he has not alleged that defendant O'Brien was deliberately indifferent to it. O'Brien's failure to secure dental care for plaintiff constitutes deliberate indifference only if he was both "'aware of facts from which the inference could be drawn that a substantial risk of serious harm

exist[ed]'" and he actually drew the inference. Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Plaintiff alleges that he sent a letter to the Health Care Unit requesting treatment for the tooth and filed several grievances concerning the lack of treatment, but he does not allege that those documents described his ailment as severe or that O'Brien was aware of them. According to plaintiff's allegations, O'Brien was not aware of plaintiff's problem until April 24, 2000, when he wrote a memorandum concurring with the treatment previously given plaintiff and advising him to request a follow-up exam if he desired one. Because plaintiff has not alleged that O'Brien was aware of and disregarded a substantial risk to plaintiff's health, the Eighth Amendment claim he asserts against O'Brien must be dismissed.

Plaintiff's eye care claim suffers the same fate. To satisfy the serious medical need element of this claim, plaintiff must allege both that: (1) his vision problem is so severe that he has difficulty functioning without glasses; and (2) the faulty eyeglasses IDOC supplied to him did not substantially correct the problem. Plaintiff has alleged neither. In fact, the amended complaint suggests that plaintiff is able to function adequately without any glasses at all. (See First Am. Compl. ¶¶ 35-36, 39-40, 53, 56-58, 62, 66, 68 (alleging that plaintiff filed numerous grievances and lifted weights in the prison yard in the two years after his glasses were broken)). If that is true, or if plaintiff functioned adequately with the faulty glasses IDOC initially provided him, he does not have a serious medical need for glasses with his exact prescription. Because plaintiff has not alleged that he has a serious medical need for those glasses, his Eighth Amendment eye care claim must be dismissed.

Even if plaintiff had alleged that he had a serious vision problem, his claim would still fail because he has not adequately alleged that defendant Smith was deliberately indifferent to it. Plaintiff alleges that he told Smith, in two letters, that he needed new glasses, but he does not say

that he told Smith he could not function without them. Because plaintiff has not alleged that Smith knew there was a substantial risk of serious harm to plaintiff if he did not immediately receive new glasses, the Eighth Amendment claim asserted against him in Count IV fails.

Plaintiff's claim for improper medical care must also be dismissed.[2] Assuming, without deciding, that a broken bone constitutes a serious medical condition, plaintiff has not alleged that defendant Smith was deliberately indifferent to it. In fact, the amended complaint establishes that he wasn't. According to plaintiff, he told Smith about his injury at 1:00 p.m. on March 29, 2000 and Smith promised to send a medical technician to examine it. (First Am. Compl. ¶ 54.) Plaintiff further alleges that two technicians came to see him later that day or early the next. (Id. ¶ 58.) Though plaintiff says the technicians did not perform an examination, he does not allege that he complained to Smith about the fact or that Smith was otherwise aware of it. Because plaintiff has alleged that Smith responded to, rather then ignored, his request for medical treatment, any claim he asserts against Smith in Count V must be dismissed.

## Conclusion

For the reasons stated above, the motions to dismiss of defendants O'Brien and Smith are granted. The claim asserted against defendant Smith in Count V of plaintiff's first amended complaint is dismissed with prejudice. The claim asserted against defendant Smith in Count IV and the claim asserted against defendant O'Brien in Count II are dismissed without prejudice. Plaintiff may amend Counts II and IV within fourteen days of the date of this Memorandum Opinion and

---

[2] It is not clear whether plaintiff is actually asserting a claim against defendant Smith in Count V. However, because plaintiff alleges that "Smith failed to summon medical staff" when plaintiff requested him to do so, we have assumed that he is.

Order, if he can do so and remain in compliance with Rule 11. If plaintiff fails to amend those claims in that time period, they will be dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 8/30/01