# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3026 | **DATE** | 10/1/2002 |
| **CASE TITLE** | MICHAEL MARTIN vs. J. MONTGOMERY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for summary judgment on Counts II and V of first amended complaint is granted. Defendants' motion to dismiss the Eighth Amendment claim plaintiff asserts against them in Count IV is denied. Status hearing set for October 17, 2002 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | OCT 02 2002 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| TBK courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 3026 |
| ) | Paul E. Plunkett, Senior Judge |
| J. MONTGOMERY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael Martin has sued defendants for violating his Eighth Amendment rights by providing him improper dental care (Count II), eye care (Count IV) and medical care (Count V).[1] Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment on Counts II and V and a Rule 12(b)(6) motion to dismiss Count IV. For the reasons set forth below, the summary judgment motion is granted and the motion to dismiss is denied.

### Discussion

**Summary Judgment Motion**

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] Though their numbering would suggest otherwise, these are the only counts in the first amended complaint.

matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

Plaintiff is suing defendants under 42 U.S.C. § 1983 over treatment he received in prison. The Prisoner Litigation Reform Act, however, prohibits prisoners from filing such suits until they have exhausted available administrative remedies. See 42 U.S.C. § 1997e(a). The statute's exhaustion requirement, the Supreme Court has held, "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 122 S. Ct. 983, 986 (2002). It is undisputed that plaintiff did not exhaust available administrative remedies with respect to his dental care (Count II) and medical care (Count V) claims. See ILL. ADMIN. CODE tit. 20, § 504.800 et seq. (setting forth grievance procedure for those incarcerated by Illinois Department of Corrections ("IDOC")); LR 56.1(b)(3)(B) (stating that all material facts set forth by the moving party "will be deemed to be admitted unless controverted" by the other party); (Defs.' LR 56.1(a) Stmt. ¶ 3 (to which plaintiff did not respond, stating that IDOC has no grievances from plaintiff concerning his dental care or medical care claims); Pl.'s Resp. Defs.' Mot. Summ. J. ¶ 6 (admitting that plaintiff has no final administrative decision on his dental and medical care claims). Consequently, defendants are entitled to judgment as a matter of law on the claims plaintiff asserts against them in Counts II and V.

**Motion to Dismiss**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Defendants contend that Count IV should be dismissed because it does not allege that plaintiff's vision problem was a serious medical need, as is required for a viable Eighth Amendment claim. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (Eighth Amendment claim requires allegations that plaintiff had a serious medical need to which defendants were deliberately indifferent). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted). Some of the indicators of serious medical need are: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Guttierez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation marks and citation omitted). Because plaintiff does not allege that his vision problem significantly affected his daily activities or inflicted chronic or substantial pain, defendants say it must be dismissed.[2]

---

[2] Defendants do not challenge the sufficiency of plaintiff's deliberate indifference allegations. (See Defs.' Mot. Summ J. & Mot. Dismiss at 5.)

Plaintiff contends that his allegations are more than sufficient to pass muster under the liberal notice pleading standards of the Federal Rules. Conclusory though it may be, plaintiff says his allegation that his vision problem was a serious medical need is all that is necessary to defeat defendants' motion.

The Federal Rules, as plaintiff correctly points out, do not require fact pleading. Neither, however, do they forbid it. Moreover, if a plaintiff chooses to plead facts in his complaint, and "they show that he has no claim, then he is out of luck – he has pleaded himself out of court." Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir. 1994). Though plaintiff alleges that his vision problem was a serious medical need, he also alleges that he prepared numerous grievances and complaint letters and lifted weights in the prison yard when he was without glasses or had glasses with the wrong prescription. (See First Am. Compl. ¶¶ 35-37, 39-43, 53, 56-58, 62, 66, 68, 75-76.) Those specific factual allegations, which suggest that he functioned adequately despite his uncorrected vision problem, cast doubt on his claim that he had a serious medical need for eyeglasses.

The tension between plaintiff's specific and general allegations is not fatal, however. We can only dismiss a claim under Rule 12(b)(6) if it is "[im]possible to imagine evidence consistent with the allegations of the complaint" that would entitle plaintiff to relief. Walker v. National Recovery, Inc., 200 F.3d 500, 503 (7th Cir. 1999). It is not. Discovery could reveal, for example, that plaintiff was able to prepare grievances, lift weights and perform other tasks when he had no glasses only because he had substantial assistance doing so. Because we can imagine a set of facts that are consistent with plaintiff's allegations and would entitle him to relief, defendants' motion to dismiss his Eighth Amendment eye care claim is denied.

## Conclusion

For the reasons stated above, there is no genuine issue of material fact on the Eighth Amendment claims plaintiff asserts against defendants in Counts II and V of his first amended complaint and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment on those claims, is therefore, granted. Defendants' motion to dismiss the Eighth Amendment claim plaintiff asserts against them in Count IV is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 10-1-02