# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3026 | **DATE** | 1/13/2004 |
| **CASE TITLE** | Michael Martin vs. Tommie Peterson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] there is no genuine issue of material fact on plaintiff Michael Martin's Eighth Amendment claim against defendant Tommie Peterson, the only remaining claim in this suit. Consequently, Defendant Peterson's motion for summary judgment is granted. This is a final and appealable order. Ruling date of 1/28/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 13 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10:30 PM JAN 13 '04 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL MARTIN,                )
                               )
      Plaintiff,         )
                               )
v.                             )   No. 00 C 3026
                               )   Paul E. Plunkett, Senior Judge
TOMMIE PETERSON,               )
                               )
      Defendant.[1]      )

## MEMORANDUM OPINION AND ORDER

Michael Martin has sued Tommie Peterson under 42 U.S.C. § 1983 for his alleged violation of Martin's Eighth Amendment rights. The case is before the Court on Peterson's Federal Rule of Civil Procedure 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted.

**DOCKETED**
**JAN 1 3 2004**

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls

---

[1] Though Martin originally sued a number of other defendants as well, Peterson is the only defendant who remains in the case. (See 7/2/03 Min. Order.)

of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

**Discussion**

Plaintiff alleges that Peterson violated his Eighth Amendment rights by refusing to allow him to see an eye doctor to correct the prescription in plaintiff's glasses. To defeat Peterson's motion, plaintiff must proffer some evidence that his vision problem was a serious medical need to which Peterson was deliberately indifferent. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). The mechanism for submitting such evidence is set forth in Local Rule 56.1, which requires plaintiff to respond to defendant's LR 56.1(a)(3) statement of assertedly uncontested material facts and to file his own statement of additional uncontested facts that require the denial of summary judgment. Plaintiff has done neither. He has, however, cited to a portion of his own deposition in which he testifies that he repeatedly asked Peterson to put his name on the list of prisoners waiting to see the doctor, but Peterson refused. (Pl.'s Resp. Mot. Summ. J. at 3-4.)

Even if we were to consider this improperly submitted evidence, it would not save plaintiff's claim because the cited testimony addresses only one element of plaintiff's claim: deliberate indifference. To prevail on this motion, plaintiff would also have to produce evidence that suggested his vision problem constituted a serious medical need. Wynn, 251 F.3d at 593; see Guttierez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997) (stating that some of the indicators of serious medical need are: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain") (internal quotation

2

marks and citation omitted). Plaintiff has produced no such evidence. As a result, we are left only with the unsupported allegation that he had a serious medical need for glasses with his exact prescription. Though that allegation was sufficient to defeat defendant's motion to dismiss, it cannot save plaintiff from summary judgment. Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992) (noting that the party opposing summary judgment "cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue.")

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on plaintiff's Eighth Amendment claim against defendant Peterson, the only remaining claim in this suit. Consequently, Peterson's motion for summary judgment is granted. This is a final and appealable order.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: 1-12-04